IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>**Plaintiff**,<br><br>v.<br><br>EUREKA MARINE PRODUCTS CO., OF PUERTO RICO, INC., *d/b/a* EUREKA MARINE PRODUCTS,<br><br>**Defendant**. | **CIVIL NO.:** 06-1344 (FAB) |

**FINAL JUDGMENT**

## I. INTRODUCTION

THIS CAUSE is before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion For Entry of Default Judgment (DE 29). On March 31, 2006, EEOC filed a Complaint alleging that Defendant Eureka Marine Products Co. of Puerto Rico Inc. violated Section 4(a) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a) ("ADEA") by discharging 70-year-old Artagnan Olivera, 75-year-old Jorge Martinez, and other similarly situated individuals over the age of 40 from their employment because of their ages (DE 1). On October 2, 2007, this Court entered default against the Defendant after the Defendant failed to comply with an August 14, 2007 Order and failed to respond to discovery requests propounded by EEOC (DE 2); see also (DE 9; 21).

Having reviewed EEOC's motion, attached declarations and exhibits in the record, the Court finds as follows:

## II. **FINDINGS OF FACT**

1. Artagnan Olivera was born on December 8, 1933. (A. Olivera Declaration ¶ 1)[1]

2. Mr. A. Olivera began working for Eureka Marine at its Dorado facility on January 25, 1994 as a General Worker. (A. Olivera Declaration ¶ 2)

3. Mr. A. Olivera's main duties as a General Worker included fishing shrimp and cleaning ponds. (A. Olivera Declaration ¶ 3)

4. Mr. A. Olivera continued in the position of General Worker until his termination on February 2, 2004. (A. Olivera Declaration ¶ 4)

5. On February 2, 2004, Francis Lin, Defendant's General Manager, told Mr. A. Olivera that Defendant was firing him because its corporate office decided to terminate all employees over the age of 60. (A. Olivera Declaration ¶ 5) At the time, Mr. A. Olivera was 70 years old. (A. Olivera Declaration ¶ 6)

6. When Mr. A. Olivera protested his termination, Lin told him that in order to continue working for Defendant, Mr. A. Olivera needed to bring in a medical certificate attesting that he was not sick. (A. Olivera Declaration ¶ 7)

---

[1] Declarations of Artagnan Olivera, Jorge Martinez, Carlos Batista, Reinaldo Olivera, and Peter Taxier, are part of the record in this case. (DE 29 and attached Exhibits).

7. On February 3, 2004, Mr. A. Olivera visited his physician, Dr. Saturnino Ortiz-Maysonet, who evaluated him and gave him a medical certificate stating that Mr. A. Olivera could perform the essential functions of his job. (A. Olivera Declaration ¶ 8) Mr. A. Olivera returned to work that day and gave Lin the medical certificate. (A. Olivera Declaration ¶ 8)

8. Lin did not accept Mr. A. Olivera's medical certificate. Instead, Lin fired Mr. A. Olivera and gave him a termination letter stating that Mr. A. Olivera was being fired because his work "had not been satisfactory lately" due to an alleged "health reason." (A. Olivera Declaration ¶ 9)

9. Mr. A. Olivera did not suffer any serious medical condition while working for Defendant and he was not reprimanded for any performance issue. (A. Olivera Declaration ¶ 10) Mr. A. Olivera was in good health when he was terminated. (A. Olivera Declaration ¶ 11)

10. Mr. A. Olivera was distressed by Defendant's discriminatory practices. Mr. A. Olivera felt hurt, belittled and disrespected. He was anxious about finding another job and about not being able to support himself. (A. Olivera Declaration ¶ 12)

11. Mr. A. Olivera's salary at Eureka Marine was approximately $224.00 per week. (A. Olivera Declaration ¶ 14)

12. Jorge Martinez was born on April 30, 1930. (Martinez Declaration ¶ 1)

13. Mr. Martinez began working for Eureka Marine as a Security Guard on August 28, 1998.  (Martinez Declaration ¶ 2)

14. Mr. Martinez continued in the position of Security Guard until his termination on February 3, 2004.  (Martinez Declaration ¶ 3)

15. On February 3, 2004, Defendant's General Manager Francis Lin told Mr. Martinez that the corporate office decided to fire him.  Lin provided no other explanation, but gave Mr. Martinez a termination letter stating that he was being fired because his work "had not been satisfactory lately" due to an alleged "health reason."  (Martinez Declaration ¶ 4)

16. Mr. Martinez did not suffer any serious medical condition while working for Defendant and he was not reprimanded for any performance issue.  (Martinez Declaration ¶ 5)

17. Mr. Martinez was in good health when he was terminated.  (Martinez Declaration ¶ 6)

18. Mr. Martinez was 73 years old when Defendant fired him.  (Martinez Declaration ¶ 7)

19. Mr. Martinez was distressed by his termination.  Mr. Martinez felt hurt, belittled and disrespected.  He also was anxious about finding another job and about not being able to support himself.  (Martinez Declaration ¶ 8)

20. Mr. Martinez's salary at Eureka Marine was approximately $280.00 per week.  (Martinez Declaration ¶ 10)

21. Reinaldo Olivera was born on March 9, 1944. (R. Olivera Declaration ¶ 1)

22. Mr. R. Olivera began working for Eureka Marine at its Dorado facility, on April 9, 2001 as a General Worker. (R. Olivera Declaration ¶ 2)

23. Mr. R. Olivera's main duties as a General Worker included fishing shrimp and cleaning ponds. (R. Olivera Declaration ¶ 3)

24. Mr. R. Olivera continued in the position of General Worker until his termination on February 3, 2004. (R. Olivera Declaration ¶ 4)

25. On February 3, 2004, Defendant's General Manager Francis Lin, told Mr. R. Olivera that the Defendant was firing him because its corporate office decided to terminate all employees over the age of 60. (R. Olivera Declaration ¶ 5) Mr. R. Olivera was 59 years old on the date of his termination. (R. Olivera Declaration ¶ 6)

26. Mr. R. Olivera was in good health when he was terminated. (R. Olivera Declaration ¶ 8)

27. Mr. R. Olivera was distressed by Defendant's discriminatory practices. Mr. R. Olivera felt hurt, belittled and disrespected. He also was anxious about finding another job and about not being able to support himself. (R. Olivera Declaration ¶ 9)

28. Mr. R. Olivera's salary at Eureka Marine was approximately $210.00 per week. (R. Olivera Declaration ¶ 11)

29. Carlos Batista was born on October 14, 1940. (Batista Declaration ¶ 1)

30. Mr. Batista began working for Eureka Marine as a General Worker on January 10, 1994. (Batista Declaration ¶ 2)

31. Mr. Batista's main duties as a General Worker included fishing shrimp and cleaning ponds. (Batista Declaration ¶ 3)

32. Mr. Batista continued in the position of General Worker until his termination on April 1, 2004. (Batista Declaration ¶ 4)

33. On April 1, 2004, Ahiezel Gonzalez, Defendant's Manager, told Mr. Batista that Defendant was firing him because its corporate office decided to terminate all employees over the age of 60. (Batista Declaration ¶ 5) Mr. Batista was 63 years old when he was terminated. (Batista Declaration ¶ 6)

34. Mr. Batista did not suffer any serious medical condition while working for Defendant and he was not reprimanded due to any performance issue. (Batista Declaration ¶ 8)

35. Mr. Batista was in good health when he was terminated. (Batista Declaration ¶ 9)

36. Mr. Batista was distressed by Defendant's discriminatory practices. Mr. Batista felt hurt, belittled and disrespected. He also was anxious about finding another job and about not being able to support himself. (Batista Declaration ¶ 10)

37.  Mr. Batista's salary at Eureka Marine was approximately $307.00 per week.  (Batista Declaration ¶ 12)

III. **CONCLUSIONS OF LAW**

  A.  Jurisdiction

  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the ADEA, which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c) and 217.

  2.  At all relevant times, Defendant, Eureka Marine, has continuously been a Puerto Rico corporation authorized to do business in the Commonwealth of Puerto Rico and the City of Dorado, Puerto Rico, and in the State of Florida and the City of Ft. Lauderdale, Florida, and has continuously had at least 20 employees.

  3.  At all relevant times, Defendant, Eureka Marine, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C.§§ 630(b), (g) and (h).

  B.  Backpay

  1.  Eureka Marine unlawfully terminated Mr. A. Olivera because of his age, 70, in violation of Section 4(a) of the Age

Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 623(a) (the "ADEA").

2. Eureka Marine unlawfully terminated Mr. Martinez because of his age, 73, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a).

3. Eureka Marine unlawfully terminated Mr. R. Olivera because of his age, 59, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a).

4. Eureka Marine unlawfully terminated Mr. Batista because of his age, 63, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a).

5. Under the ADEA, plaintiffs are entitled to backpay awards for violation of the ADEA in the amount of lost wages. Section 7(b) of the ADEA, which incorporates by reference Section 16(c) and 17 of the FLSA, as amended 29 U.S.C.§§ 216(c) and 217.

6. Prejudgment interest on backpay is assessed at the IRS prime rate, compounded quarterly for the period of backpay liability. EEOC v. Guardian Pools, Inc., 828 F.23d 1507 (11th Cir. 1987).

7. Mr. A. Olivera is owed $47,403.97 in back-pay and interest. (Taxier Declaration ¶ 6; Exhibit 1)

8. Mr. Martinez is owed $59,254.97 in back-pay and interest. (Taxier Declaration ¶ 7; Exhibit 2)

9. Mr. R. Olivera is owed $44,441.23 in back-pay and interest. (Taxier Declaration ¶ 8; Exhibit 3)

10. Mr. Batista is owed $61,822.02 in back-pay and interest. (Taxier Declaration ¶ 9; Exhibit 4)

C. Liquidated Damages

1. The unlawful practices discussed above in relation to Mr. A. Olivera were willful. Pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), Mr. A. Olivera is entitled to liquidated damages in the amount of $41,216.00. Mr. A. Olivera's total damages are $88,619.97.

2. The unlawful practices discussed above in relation to Mr. Martinez were willful. Pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), Mr. Martinez is entitled to liquidated damages in the amount of $51,520.00. Mr. Martinez's total damages are $110,774.97.

3. The unlawful practices discussed above in relation to Mr. R. Olivera were willful. Pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), Mr. R. Olivera is entitled to liquidated damages in the amount of $38,640.00. Mr. R. Olivera's total damages are $83,081.23.

4. The unlawful practices discussed above in relation to Mr. Batista were willful. Pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), Mr. Batista is entitled to liquidated damages

in the amount of $54,032.00.  Mr. Batista's total damages are $115,854.02.

    5.   Liquidated damages are available in cases of willful violations of the ADEA.  29 U.S.C. § 626(c).  A violation of the ADEA is willful "if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA."  <u>Trans World Airlines, Inc. v. Thurston</u>, 469 U.S. 111, 128 (1985).  <u>See also</u>, <u>Powers v. Grinnel Corp.</u>, 915 F.2d 34, 40 (1st Cir. 1990).

    6.   Once a willful violation of ADEA has been found, a court is authorized to award liquidated damages in an amount equal to the back pay award.  <u>Linn v. Newton</u>, 847 F.2d 1 (1st Cir. 1989).

    7.   In this case, Defendant showed reckless disregard for claimants' legally protected rights under the ADEA.  Defendant admitted to claimants that it fired them because of age.  (A. Olivera Declaration ¶ 5;  Martinez Declaration ¶¶ 407;  R. Olivera Declaration ¶ 5;  Batista Declaration ¶5).

    8.   The effect of Defendant's unlawful employment practices described above has been to deprive Mr. A. Olivera, Mr. Martinez and other similarly situated individuals over 40 years of age, including Mr. R. Olivera and Mr. Batista (together the "Claimants"), of equal employment opportunities because of age.

9. The unlawful employment practices described above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

10. Therefore liquidated damages will be awarded in the amount of $185,408.00.

D. Injunctive Relief

1. Under the ADEA, courts have the jurisdiction to grant equitable relief, as appropriate, to effectuate the purposes of the ADEA. 29 U.S.C. § 626(b). See also Nowd v. Rubin 76 F.3d 25, 26 (1st Cir. 1996).

2. In this case, based on the findings in the record, the Court imposes an injunction requiring Eureka Marine from discriminating because of age or retaliating against anyone who engages in protected activity under ADEA.

## IV. CONCLUSION

The claimants should be made whole and are entitled to the full amount of back-pay calculated by EEOC. Each claimant is also entitled to liquidated damages in an amount equal to the back-pay award. The evidence has established that Defendant willfully violated the ADEA when it acted with reckless disregard for the claimants' legally protected rights. Finally, EEOC is entitled to injunctive relief in this case to ensure Defendant's future compliance with the ADEA.

**It is therefore, ORDERED AND ADJUDGED** that:

CIVIL NO.: 06-1344 (FAB)                                                    12

1. Judgment be entered in favor of Plaintiff Equal Employment Opportunity Commission and against Defendant Eureka Marine Products Co. of Puerto Rico, Inc., d/b/a Eureka Marine Products in the amount of **three hundred ninety eight thousand, three hundred thirty dollars and nineteen cents ($398,330.19)** in back-pay and liquidated damages on behalf of Messrs. Artagnan Olivera, Jorge Martinez, Reinaldo Olivera and Carlos Batista.

2. An injunction is hereby **ENTERED** requiring Defendant Eureka Marine Products Co. of Puerto Rico, Inc., d/b/a Eureka Marine Products to refrain from discriminating on the basis of age or retaliating against anyone who engages in protected activity under ADEA.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 30, 2008.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE